DULLANTY, Appellant, vs. THE TOWN OF VAUGHN, Respondent.

*April 30 — May 20, 1890.*

*Towns: Construction of water-works: Unauthorized contract: Ratification.*

1. A town board may provide protection against fire by the construction of reservoirs, etc., only when authorized so to do by a resolution adopted at an annual town meeting, as provided by ch. 292, Laws of 1883.

2. An unauthorized contract for the construction of such reservoirs cannot be ratified by the subsequent adoption, at a *special* town meeting, of a non-retroactive resolution giving authority, or by the adoption and use of the reservoirs.

APPEAL from the Circuit Court for *Ashland* County.

Action for the value of labor performed and materials furnished in the construction of two cisterns for the defendant town. The answer was, substantially, a general denial. The principal facts are stated in the opinion. The resolution therein referred to was as follows:

"It is hereby resolved by the qualified electors of the town of *Vaughn*, Ashland county, Wisconsin, duly assembled at a special town meeting held this 30th day of July, 1887, that all powers relating to villages and conferred upon village boards by the provisions of ch. 40, R. S., and all acts amendatory thereof, excepting those the exercise of which would conflict with the provisions of law relating to towns and town boards, be conferred upon the town board of the town of *Vaughn*."

At the close of the plaintiff's evidence a motion for a non-suit was granted; and from the judgment entered accordingly the plaintiff appealed.

For the appellant there was a brief by *Cole & O'Keefe*, attorneys, and *Richard Sleight*, of counsel, and oral argument by *Rublee A. Cole*. Upon the question of ratification, they cited *Colby v. Franklin*, 15 Wis. 311; *Mills v. Gleason*, 11 id. 470; *Miller v. Milwaukee*, 14 id. 642; *Brown v. New York*, 63 N. Y. 239; *Land, L. & L. Co. v. Brown*, 73 Wis. 294.

For the respondent there was a brief by *McNeel & Bushnell*, and oral argument by *T. H. Bushnell*.

ORTON, J. The unincorporated village of Hurley is in the town of *Vaughn*, and contains more than 1,000 inhabitants. It seems that the said respondent town, in the summer of 1886, organized a fire department and adopted a system of water-works in said village, and built engine-houses, and procured apparatus for such purposes, without any authority of law. Towns have no such original authority, and of course unincorporated villages have no municipal authority whatever. Subd. 10, sec. 892, ch. 40, R. S., gives to all incorporated villages such power and authority; and ch. 292, Laws of 1883, provides that all powers relating to villages and conferred upon village boards by the provisions of said ch. 40, R. S., with certain irrelevant exceptions, are thereby

"conferred upon towns and town boards of towns containing one or more unincorporated villages, having each a population of not less than one thousand inhabitants, and are made applicable to such unincorporated village or villages, and may be exercised therein *when directed by a resolution* of the qualified electors of the town at the *last preceding annual* town meeting." No such resolution was adopted, as above required, before said fire department was organized, water-works established, engine-houses built, or fire apparatus procured, or during that year, and not until the 30th day of July, 1887, when such a resolution was adopted by the electors of said town at a *special* town meeting called for that purpose.

It appears from the testimony that the plaintiff, early in said summer of 1886, made a bid for, and contracted to construct or excavate, two large water cisterns or reservoirs for such fire purposes in said village of Hurley, but without any regular action of the town or town board, and by some understanding and arrangement with one or more of the supervisors of the town, acting informally and separately, and particularly with one Peterson, one of the supervisors, who seemed to have had some interest in, or to have done work on, the job. The plaintiff claims that the contract price for the work was to be $1,160, and that he performed the contract and constructed the reservoirs, and that the same were at once used and continued to be used by said town for such purposes, and he brings this action for the recovery of said sum.

The evidence is somewhat confused, but the plaintiff speaks of the franchise for the water-works being given to him, and admits that he never had even a talk with the board at any of their meetings, and says that the town used the cisterns and built an engine-house over one of them. The learned counsel of the appellant bases the claim of the plaintiff against the town for this work upon the ratifica-

Dullanty vs. The Town of Vaughn.

tion of it, and of his contract, by the town, by using the cisterns and by passing the said resolution of July 30, 1887. This is the material question in the case. Although there is some evidence tending to show that said Peterson was interested in the work, and that it has been paid for, and as to what the contract was, and the price or value of the work, it is by no means clear that the plaintiff ought not to recover at least something on the merits of the case, if the law allowed it. The court, however, granted a nonsuit, and most probably on the ground of a want of authority of the town to order or contract for such works. It is conceded that the town had no such original authority, but it is contended that such ratification cured such want of authority and made the claim and contract valid.

1. It is not perceived how this subsequent resolution could ratify *works* previously constructed without authority. It has no reference or relation to water-works already constructed. It has no retroactive effect, but is by its terms exclusively prospective. The works must be constructed by the authority of a resolution adopted " at the *last preceding* annual town meeting."

2. The resolution must be adopted at an *annual* meeting. It is true that sec. 788, R. S., provides that any other lawful business may be done at *special* as at annual town meetings. But that is a general power of towns, while this is a special power, given by a special act of the legislature, made for this special purpose, and it must be followed strictly; and its terms are imperative, and must be complied with, or no such power is conferred, by a familiar rule of construction.

3. The ratification, however, does not depend wholly on this subsequent resolution, by the argument of the learned counsel, but also on the adoption of the water-works, and their use and enjoyment of the same, raising an implied liability, at least, to pay for the same. The question, then, is, Can a town ratify and make valid what it has previously

done without authority, and is absolutely void for that reason? It is a well-established principle of law that it cannot. Dill. Mun. Corp. §§ 384, 385; Mechem, Pub. Off. § 554, and cases cited. This precise question was so decided by this court in *Clark v. Janesville*, 13 Wis. 415. The question of the subscription to the stock of a railroad was submitted to the vote of the people, and the bonds of the city were issued before the charter took effect. It was held that the city, after the charter giving such power took effect, could not ratify and confirm the subscription previously made and the bonds previously issued. The city did everything possible to ratify them. The present chief justice says in the opinion: "The common council could not originally do the act. They could not make the subscription and issue the bonds. With what propriety, then, can it be said that they could by subsequent ratification render them valid? The very notion of ratification presupposes that the party ratifying might have originally done the act or made the contract. This would seem to be a very obvious deduction." *Delafield v. State*, 2 Hill, 160, and 26 Wend. 192, are cited in the opinion, in which it was held that an unauthorized contract entered into by state agents without authority could not be ratified by themselves, and, "if public officers could not originally make the contracts, they could not ratify them." The cases in this court cited by the learned counsel as holding otherwise are those in which the original authority was not wanting; and the chief justice, in the above case, distinguishes it from *Mills v. Gleason*, 11 Wis. 470, on that ground.

This leaves the plaintiff without any valid claim against the town. The nonsuit was properly granted.

*By the Court.*— The judgment of the circuit court is affirmed.